IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF ILLINOIS

FILED
JAN 18 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A WARRANT AUTHORIZING THE
ACTIVIATION AND MONITORING OF A
MOBILE TRACKING DEVICE TO BE
LOCATED IN OR ON A 2002, HYUNDAI,
TWO DOOR HATCHBACK BEARING
VEHICLE IDENTIFICATION NUMBER
(VIN) KMHCG35G9YU008839

Case No. 13-mj-3010-DGW

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF A WARRANT FOR THE ACTIVIATION AND MONITORING OF A MOBILE TRACKING DEVICE

I, Task Force Officer Derek S. Parker, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Section 3117 for a warrant authorizing the installation and use of a mobile tracking device on a 2000, Hyundai, 2 door, bearing a vehicle identification number (VIN) of KMHCG35G9YU008839 (the "**TARGET VEHICLE**"), being used by **Travis WILSON,** and/or others yet unknown, in furtherance of a conspiracy to possess and distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The **TARGET VEHICLE** is further described in Attachment A. Pursuant to 18 U.S.C. § 3117(b), a "mobile tracking device" means an electronic or mechanical device which permits the tracking or movement of a person or object. This application seeks authorization for the installation and use of a Global Positioning System (GPS) tracking unit. The requested GPS tracking unit is further described in Attachment B.

2. I am currently assigned to the Drug Enforcement Admiration's Fairview Heights Resident Office. I have been a Fairmont City Police Officer for the past 10 years. Prior to becoming a TFO, I was assigned to the St. Clair County Sheriff's Department Drug Tactical Unit for 1 year. I have participated in numerous narcotics investigations involving the transportation of controlled substances and/or of the proceeds/payments from controlled substance sales throughout the United States during my tenure with DEA. I have received extensive training by the DEA. I have participated in numerous drug investigations, which have resulted in the seizure of methamphetamine, crystal methamphetamine, ecstasy, cocaine, marijuana, heroin, and other controlled substances. I am familiar with and have utilized normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of undercover agents and the use of court-authorized wire intercepts.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, Confidential Sources (referred to as CS's), and Sources of Information (referred to as SOI's). This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846 (the "TARGET OFFENSES") have been committed, are being committed, and will be committed using the **TARGET VEHICLE**. There is also probable cause to believe that the location information described in this affidavit will constitute evidence of these criminal violations, and will lead to the identification of individuals who are engaged in the commission of these offenses.

## **PROBABLE CAUSE**

5.      For the reasons set out in this affidavit, there is probable cause to believe that the **TARGET OFFENSES** have been committed, are being committed, and will continue to be committed using the **TARGET VEHICLE**. Further, there is probable cause to believe that the **TARGET VEHICLE** has been used by **Travis WILSON** in furtherance of the distribution of a controlled substance. Based on surveillance of the **TARGET VEHICLE**, the **TARGET VEHICLE** is known to be operated by **Travis WILSON.**

6.      Members of the investigative team and I are investigating **Travis WILSON** and others known and unknown.

7.      This application is submitted in connection with a heroin and crystal methamphetamine investigation of **Travis WILSON** being conducted by members of the Drug Enforcement Administration's Fairview Heights Resident Office and the Fairmont City, Illinois Police Department.

8.      In November, 2012, the Fairmont City (IL) Police Department cultivated a confidential source, hereinafter referred to as CS#1, who provided information in reference to **Travis WILSON** of 2533 North 31st Street, Fairmont City, IL. CS#1 stated since September 2012, on a daily basis, he/she would purchase at least $50.00 worth of heroin from **WILSON**. CS#1 stated he/she was introduced to **WILSON** around September 2012, but believes **WILSON** has been selling heroin and crystal methamphetamine (ICE) for some time. CS#1 advised he/she would travel to **WILSON's** residence in Fairmont City, IL to purchase heroin or **WILSON** would deliver the heroin to him/her at various locations throughout the metro east. CS#1 stated when **WILSON** would deliver the heroin he would drive a gray, Hyundai 2 door hatchback.

3

Agents later confirmed **WILSON's** vehicle as a 2000, Hyundai hatchback bearing Illinois Registration "R291442", VIN: KMHCG35G9YU008839, hereinafter referred to as the **TARGET VEHICLE**. The information provided by CS#1 has been corroborated by members of the investigative team and is consistent with information provided by CS#2.

9. On November 28, 2012, at approximately 3:15 p.m., members of the DEA Fairview Heights Resident Office assisted the Fairmont City (IL) Police Department with a controlled purchase of heroin from **Travis WILSON**. Prior to the purchase, agents met with CS#1 to place a recorded telephone call to **WILSON** to confirm the heroin is available. CS#1 spoke with **WILSON** who advised he would send "Destiny LNU" to deliver the heroin to CS#1 at the Pilot Truck Stop in Madison, IL. After the telephone call, CS#1 stated "Destiny" is the girlfriend of Phillip WILHOLD, the roommate of **Travis WILSON**. Surveillance units arrived at **WILSON's** residence and did not see the **TARGET VEHICLE**. Agents directed CS#1 to place another recorded telephone call to **WILSON** who advised that "Destiny" already left the residence and was waiting at the Pilot Truck Stop. An undercover DEA agent drove CS#1 to the Pilot Truck Stop, where CS#1 purchased $50.00 worth of heroin from "Destiny." During the transaction, surveillance units observed "Destiny" driving the **TARGET VEHICLE.** After the transaction, "Destiny" drove the **TARGET VEHICLE** directly to **WILSON's** residence in Fairmont City, Illinois.

10. In January, 2013, the Fairmont City (IL) Police Department cultivated a second confidential source, hereinafter referred to as CS#2, who provided information in reference to **Travis WILSON** of 2533 North 31st Street, Fairmont City, IL. CS#2 stated for the past several months he/she has purchased heroin and crystal methamphetamine from **WILSON**. CS#2

advised for the past several months, on a daily basis, he/she would purchase at least $50.00 worth of heroin from **WILSON**. Also, CS#2 stated on a weekly basis he/she would purchase crystal methamphetamine from **WILSON**. CS#2 advised he/she would purchase drugs from **WILSON** at **WILSON's** residence in Fairmont City, IL. CS#2 stated on several occasions **WILSON** would deliver the drugs to him/her at various locations throughout the metro east. CS#2 stated when **WILSON** would deliver the heroin he would drive the **TARGET VEHICLE**. Furthermore, CS#2 stated in the past several months, on multiple occasions, **WILSON** would ask CS#2 to drive him to his crystal methamphetamine supplier in St. Louis, Missouri. CS#2 advised he/she would drive **WILSON** in the **TARGET VEHICLE** to a residence on Grand Ave near Interstate 70 in St. Louis, Missouri. CS#2 advised he/she would drop **WILSON** off in front of the residence and several minutes later **WILSON** would return with several ounces of crystal methamphetamine. CS#2 advised he/she would then drive **WILSON** directly back to his residence in Fairmont City, Illinois. The information provided by CS#2 has been corroborated by members of the investigative team and is consistent with information provided by CS#1.

11. On January 17, 2013, at approximately 1:00 p.m., members of the DEA Fairview Heights Resident Office assisted the Fairmont City (IL) Police Department with a controlled purchase of crystal methamphetamine from **Travis WILSON**. Prior to the purchase, CS#2 placed a telephone call to **WILSON** and confirmed the crystal methamphetamine was available. Prior to the transaction, surveillance units observed **WILSON** leave his residence in the **TARGET VEHICLE** and drive to a business in Fairmont City, Illinois. Several minutes later, **WILSON** left the business and traveled back to his residence in the **TARGET VEHICLE**. After **WILSON** arrived back at his residence, agents sent CS#2 to purchase the crystal methamphetamine. During the transaction, CS#2 purchased $50.00 worth of crystal

methamphetamine from **WILSON**. CS#2 stated **WILSON** previously told him/her that his supply of crystal methamphetamine was low and he would be obtaining additional crystal methamphetamine in the near future. CS#2 advised it is possible that **WILSON** will contact him/her to drive him to his crystal methamphetamine supplier in St. Louis, Missouri. CS#2 advised he/she is aware **WILSON** obtains at least one to two ounces of crystal methamphetamine every three to four days from his supplier in St. Louis, Missouri. CS#2 did advise **WILSON** will not contact him/her for a ride every time he obtains additional crystal methamphetamine from his supplier in St. Louis, Missouri.

12. The investigative team has found that drug distributors will often change license plates of a particular vehicle they are using, re-issue the vehicle and/or license in another person name, sell the vehicle to another member of the organization but continue to use the vehicle, or even place license plates on a vehicle which are not issued to the vehicle, in an attempt to slow the investigation. For instance, the **TARGET VEHICLE** utilized by **Travis WILSON** is registered to his wife, Tammy WILSON of Collinsville, Illinois. So in the event these actions take place, Agents are asking the Court to grant this warrant for the **TARGET VEHICLE**, regardless of a particular tactic used by subjects to mask the identity of the subject utilizing the vehicle.

13. The GPS device emits an electronic signal that can be located by a location device to be possessed by Agents. The GPS device and location device monitor movement and physical location of the GPS device, but the device is not capable of recording or transmitting any oral, wire, or electronic communications.

14.     In the event the Court grants this application, there will be a periodic monitoring of the GPS device, during daytime and nighttime hours for 45 days, following the granting of this order. The GPS device may emit signals from inside private garages or other such locations not open to visual surveillance.

15.     The warrant will be executed when the **TARGET VEHICLE** is located in this district.

16.     WHEREFORE pursuant to Federal Rule of Criminal Procedure 41, Title 18, United States Code, Section 3117, it is requested that the Court issued this warrant authorizing the installation, maintenance, and monitoring of a GPS tracking unit for 45 days on the **TARGET VEHICLE,** with the installation/maintenance and possible replacement of the GPS unit being made by the investigative team and/or other DEA Agents and/or their authorized representatives.

17.     It is further requested that said personnel are further authorized to surreptitiously enter the **TARGET VEHICLE** to affect the service and/or replacement of the GPS device.

18.     It is further requested that the Court authorize the continuing GPS monitoring of the **TARGET VEHICLE** no matter the license plates which are affixed to the **TARGET VEHICLE**.

19.     It is further requested that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET VEHICLE** outside of daytime hours.

20.  It is further requested that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation.

21.  It is further requested that pursuant to Title 18, United States Code, Section 3103a(b) and Federal Criminal Procedure 41 (f) (3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by this warrant.

22.  This order does not authorize interception of any communications as defined in Title 18, United States Code, Section 2510(4), but authorizes only the monitoring of tracking signals.

Respectfully submitted,

_____
TASK FORCE OFFICER DEREK PARKER
DRUG ENFORCEMENT
ADMINISTRATION

Subscribed and sworn to before me on January 18, 2013

_____
DONALD G. WILKERSON
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOS

# ATTACHMENT A

## Property to Be Monitored

**2000, Hyundai 2 Door Hatchback**

**Color: Gray**

**Illinois Registration: R291442**

**VIN: KMHCG35G9YU008839**

<u>**Registered to:**</u>

**Tammy Wilson**

**100 Charles Street**

**O'Fallon, Illinois 62269**

## ATTACHMENT B

### Description of the Mobile Tracking Device

The authorized mobile tracking device is a Global Positioning System (GPS) device, which is physically attached to the **TARGET VEHICLE**. The GPS device transmits GPS data regarding the location of the **TARGET VEHICLE** to a tracking device in the possession of the Drug Enforcement Administration.

This warrant does not authorize the seizure of any tangible property.